CHRISTOPHER ASHWORTH, PROSECUTOR, v. THE COURT OF COMMON PLEAS OF SUSSEX COUNTY ET AL., RESPONDENTS.

Submitted February 4, 1919—Decided February 26, 1919.

1. Under section 11 of the Inns and Taverns act (*Comp. Stat., p.* 2893) the Court of Common Pleas by refusal of a license application regularly before it, loses all jurisdiction of the matter, whatever may have been the ground of such refusal.

2. A *certiorari* to review the legality of the refusal by the Court of Common Pleas to grant a license for an inn and tavern dismissed, on the ground that even if such refusal be illegal, the application nevertheless lapsed, and could not be reinstated for further determination; such reinstatement being the avowed object of prosecutor.

On *certiorari*.

Before Justices PARKER and MINTURN.

For the prosecutor, *William A. Dolan.*

The opinion of the court was delivered by

PARKER, J. The object of the suit is to obtain a reversal of, or more accurately to set aside, the determination of the Sussex Pleas refusing an inn and tavern license applied for by prosecutor. The court placed on record its sole ground of refusal, which was, that at the regular election of November, 1918, just prior to the December term of court, at which the application for license was made, the borough of Branchville, in which prosecutor's place was situate, had voted to prohibit the sale of liquor, pursuant to chapter 2 of the laws of 1918. The court placed on record, as part of its determination, that the application was in due form and that no objection had been made to the license; but that it was considered that as a result of the election the statute deprived it of power in the premises, although a *certiorari* to review the proceedings prior to and at such election and connected therewith had been allowed (we suppose at the instance of prosecutor, though this is not specifically stated) and a stay had been granted therein pursuant to section 8 of the act.

It is now argued, and with force, that the effect of the *certiorari* and stay relating to the election suspended the operation of the statute *ad interim*, so that the court could act on the application as though there had been no election; and that if the effect of the act is otherwise, it is unconstitutional as impairing the prerogative powers of this court. We are not concerned, as it seems to us, with these questions, because a determination of them, so far as the application at Decem-

ber term was concerned, would be purely academic. It seems to be assumed by prosecutor that if we should direct the determination of the Pleas to be set aside, he could then obtain an adjudication on the merits of his application, which is what he avowedly desires; but this is not the case. Under section 11 of the Inns and Tavern act (*Comp. Stat.*, *p.* 2893) the determination of the Pleas must be on the first day of the term or on some other day thereof, publicly fixed on by said court on the opening day. It has been held that this extends to later days to which the matter has been regularly continued by the court. *Hinchman* v. *Stoepel*, 54 *N. J. L.* 486. But when the court has once definitely acted, by granting or refusing a license, its jurisdiction over the application is gone, and the matter cannot thereafter be reopened. *Ibid.*; *Dilkes* v. *Pancoast*, 53 *Id.* 553; *White* v. *Atlantic City*, 62 *Id.* 644. Consequently, even if the Pleas erred in the ruling that that court had no power to grant the license, as to which we express no opinion, the refusal of the license put an end to that application, and it would be futile to pronounce a decision which would have no effect to reinstate it if favorable to prosecutor.

For this reason the writ in this cause will be dismissed.